IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL R. SIGMON,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 2:23-cv-00757

ELON MUSK,

        Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2]. Pending is the Plaintiff's *Motion for Summary Judgment*. [ECF No. 9]. For the reasons set forth herein, the undersigned respectfully recommends that the presiding Chief District Judge **DENY** Plaintiff's motion, and **DISMISS** this civil action from the Court's active docket, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I.**

    Plaintiff Michael R. Sigmon ("Plaintiff"), who is proceeding pro se, filed his Complaint in this civil action on November 22, 2023. [ECF No. 1]. Five days later on November 27, 2023, Plaintiff paid the applicable filing fee. [ECF No. 3]. On December 4, 2023, the Plaintiff—without first seeking issuance of Summons for service of process by

1

the Clerk of Court—filed an AO 440 Form Proof of Service, purporting to have served the named Defendant, Elon Musk ("Defendant") on November 30, 2023, by U.S. Mail. [ECF Nos. 4; 4-1]. Plaintiff then filed a document on March 26, 2024, wherein he represented to the Court that "it appears [Defendant] Elon Musk refuses to sign for mail." [ECF No. 5]. The undersigned entered an *Order* on April 15, 2024, finding that Plaintiff did not effect service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure. [ECF No. 6]. The undersigned ordered that a summons for the Defendant be issued, and ordered Plaintiff "to serve the named Defendant with the Summons issued by the Clerk of Court, along with a copy of the Complaint, in accordance with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure[.]" *Id.* at 2. Further, the undersigned's *Order* required Plaintiff "to file proof of such service in accordance with Rule 4(l) of the Federal Rules of Civil Procedure by no later than 5:00 p.m. EST on Tuesday, July 23, 2024." *Id.* The undersigned's *Order* expressly notified Plaintiff in bold, underlined, capitalized font that failure to comply with the *Order* "will result in a recommendation to the presiding district judge that this matter be dismissed for reasons including but not limited to failure to effect service of process and/or failure to prosecute." *Id.* at 2-3.

On July 23, 2024, Plaintiff filed a USM-285 Process Receipt and Return form, which is a form created by the United States Marshals Service for service of process by a U.S. Marshal. [ECF No. 8]. Therein, it appears that Plaintiff attempted to effect service of process via a FedEx Priority Overnight delivery to Defendant's mailing address, and that the delivery was completed on July 19, 2024. *See id.* at 2. Notably, the package was signed for by "K. Wilbanks." *Id.*

Subsequently on September 9, 2024, Plaintiff filed a one-page document styled a

*Motion for Summary Judgment*. [ECF No. 9]. Therein, Plaintiff states that he "would like to motion the court for summary judgment since it appears [the Defendant] refuses to answer summons." *Id*. Plaintiff added without explanation a notation that the Defendant was "served on 7/19/2024, answer due 8/9/2024." *Id*. Plaintiff has not taken any further action in this matter since moving for summary judgment.

## II.

Rule 4(e) of the Federal Rules of Civil Procedure specifies the methods by which service of process is to be effected when, as here, the individual to be served is within a judicial district of the United States. Relevant here, Rule 4(e)(1) provides that service can be made in accordance with the methods prescribed "by state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In the State of West Virginia—where this Court is located—the West Virginia Rules of Civil Procedure provide that service upon an individual may be made, *inter alia*, "by certified mail, return receipt requested, and delivery restricted to the addressee[.]" W. Va. R. Civ. P. 4(d)(1)(D).

The Federal Rules of Civil Procedure specifically set forth a time limit for service. Rule 4(m) provides that the Court—either on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice or order that service be made within a specified time if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

## III.

Plaintiff's motion for summary judgment must be denied, and this matter must be dismissed, because Plaintiff did not properly serve Defendant Elon Musk within the time specified by the Court's *Order*. Although Plaintiff attempted to complete service via FedEx

3

on July 19, 2024, this method of delivery does not comply with the service requirements set forth in Federal Rule 4. *See* Fed. R. Civ. P. 4(e)(1). While service by mail is permissible, the applicable rules expressly provide that the mailing must be made "by certified mail, return receipt requested, and delivery restricted to the addressee[.]" W. Va. R. Civ. P. 4(d)(1)(D). Here, Plaintiff did not attempt service by certified mail, return receipt requested, with restricted delivery.

Furthermore, the Plaintiff's FedEx package, which was delivered on July 19, 2024, appears to have been signed for by an individual other than the Defendant, who signed his or her name "K. Wilbanks." [*See* ECF No. 8 at 2]. When considering the "delivery restricted to the addressee" language of the rule, "courts tend to focus on whether there was an indication in the mailing that delivery was restricted to the addressee *and whether the return was actually signed by someone other than the individual to whom delivery should have been restricted.*" *Slone v. State Auto Prop. & Cas. Ins. Co.*, 2:19-cv-408, 2021 WL 190938, at *12 (S.D. W. Va. Jan. 19, 2021) (emphasis added). *See also Van Wagner v. Snow*, 11-cv-1131, 2012 WL 3115957, at *1 n. 1 (W. Va. July 3, 2012) (noting in the context of Rule 4(d)(1)(D) that the "Restricted Delivery" spaces on certified mail cards for the purported service of process on respondents were not marked); *State ex rel. Farber v. Mazzone*, 584 S.E.2d 517, 522 (W. Va. 2003) (concluding that service was defective under Rule 4(d)(1)(B), a prior version of the rule at issue here which contained the same "delivery restricted to the addressee" language, where the temporary secretary of the defendant signed the return receipt). *See also Jordan-El v. White*, 3:16-cv-04328, 2016 WL 6514163, at *4 (S.D. W. Va. Oct. 7, 2016) ("Nothing in . . . West Virginia Rule of Civil Procedure 4 permits service to be accomplished by delivering the summons and complaint to a random employee at the home office of a defendant's employer."); *Trustees*

*of Ohio Bricklayers Health & Welfare Fund v. G & R Masonry, Inc.*, 2:12-cv-01475, 2014 WL 7335550, at *3 (S.D.W. Va. Dec. 19, 2014) (finding service of process was insufficient when plaintiffs' counsel did not restrict delivery of the certified mail to the addressee, and an individual other than the defendant signed for the summons). Plaintiff bears the burden of proving sufficiency of service of process, as it is a plaintiff's responsibility to effect service under Rule 4. *Slone*, 2021 WL 190938, at *2. *See also Bibbs v. New River Cmty. & Tech. Coll.*, 5:11-cv-0519, 2012 WL 2958185, at *3 (S.D.W. Va. June 5, 2012), *adopted*, 2012 WL 2952372 (S.D. W. Va. July 19, 2012) ("[T]he plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4."). Simply put, Plaintiff has failed to meet that burden here. Furthermore, the undersigned's *Order* expressly required Plaintiff to effect service of process by no later than "5:00 p.m. EST on Tuesday, July 23, 2024." [ECF No. 6 at 2]. Plaintiff has not sought an extension of time. Accordingly, the undersigned **FINDS** that Defendant was not properly served with process within the time provided by the undersigned's *Order*, and dismissal is proper pursuant to Federal Rule 4(m). *See Bibbs*, 2012 WL 2958185, at *3 ("When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order.").

Nor has Plaintiff shown good cause under Rule 4(m) for his failure to effect service of process. Plaintiff vaguely asserts in his *Motion for Summary Judgment* that Defendant refused to sign for the delivery packages sent by Plaintiff. As set forth *supra*, however, the FedEx delivery did not comply with the requirements for service of process in accordance with Federal Rule 4 regardless of Defendant's acceptance or rejection of the FedEx package. Plaintiff then failed to attempt to effect service of process via an alternative means. This Court rejected a plaintiff's similar argument in the *Slone* case, finding that

5

the plaintiff ignored "the possibility of service by other methods under West Virginia law, in particular, the long-arm statute [W. Va. Code § 56-3-33(c)], which contains provisions accounting for the inability to serve process via certified mail." *Slone*, 2021 WL 190938, at *12. In short, Plaintiff has provided no basis for finding good cause to overcome the requirements of Rule 4(m).

Moreover, in light of the Plaintiff's clear failure to effect service of process, summary judgment is improper because the Court may not exercise jurisdiction over the Defendant in this matter. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Slone*, 2021 WL 190938, at *6 (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Rather, pursuant to Rule 4(m), dismissal is required.

### IV.

Accordingly, for the foregoing reasons, the undersigned respectfully recommends that the presiding Chief District Judge **DENY** Plaintiff's *Motion for Summary Judgment* [ECF No. 9], and **DISMISS** this civil action from the Court's active docket, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and

Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

A copy of any objections shall be provided to Chief Judge Volk and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel. Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to the presiding Chief District Judge, to counsel of record, and to any unrepresented party.

ENTERED: March 6, 2025

Dwane L. Tinsley
United States Magistrate Judge