UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL R. SIGMON,

    Plaintiff,

v.                                  CIVIL ACTION NO. 2:23-cv-00757

ELON MUSK,

    Defendant.

**ORDER**

Pending is Plaintiff Michael R. Sigmon's Motion for Summary Judgment [ECF 9] filed September 9, 2024. Defendant, Elon Musk, did not reply. This matter is ready for adjudication.

**I.**

Mr. Sigmon instituted this action on November 22, 2023. [ECF 1]. His action alleges that Mr. Musk failed to honor "his promise on [T]ruthsocial to pay [him] $200,000 for each re-truth and like." [ECF 1 at 4]. On September 9, 2024, Mr. Sigmon filed a Motion for Summary Judgment stating he, "would like to motion the court for summary judgment since it appears [the Defendant] refuses to answer summons." [ECF 9].

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on March 6, 2025. [ECF 1]. Magistrate Judge Tinsley recommended that the Court deny the Motion for Summary Judgment [ECF 9] and dismiss this

civil action from the Court's docket, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [ECF 11 at 1].

Objections, served by mail, in this case were due on March 24, 2025. Mr. Sigmon's objections were filed on March 21, 2025. [ECF 12]. Mr. Sigmon's objections are challenging to interpret, lack coherence, contain excessive profanity, and include heightened political and personal commentary. Construed liberally, his objection disputes Magistrate Judge Tinsley's finding that dismissal is appropriate for lack of effectuating proper service, namely, that he "served Elon Musk by ways of a US Marshall. How they deliver their summons is not controlled by [him]. . ." [ECF 1 at 1]. Additionally, he asserts, "[o]n July 23, 2024, Plaintiff filed a USM-285 Process Receipt and Return form, which is a form created by the United States Marshals Service for service of process by a U.S. Marshall." [*Id.* at 2].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct

the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

After a thorough review, Magistrate Judge Tinsley stated Mr. Sigmon "did not properly serve Defendant Elon Musk within the time specified by the Court's Order. Although Plaintiff attempted to complete service via FedEx on July 19, 2024, this method of delivery does not comply with the service requirements set forth in Federal Rule 4." [ECF 11 at 3-4 (citing Fed. R. Civ. P. 4(e)(1))]. Moreover, Magistrate Judge Tinsley stated "while service by mail is permissible, the applicable rules expressly provide that the mailing must be made 'by certified mail, return receipt requested, and delivery restricted to the addressee[.]'" [*Id*. at 4 (citing W. Va. R. Civ. P. 4(d)(1)(D))].

Mr. Sigmon's objection is rife with inappropriate rhetoric and generally unintelligible. His primary cognizable objection is his belief he properly attempted service upon

3

Mr. Musk. Specifically, he alleges he satisfied the Order requiring him to "file proof of such service in accordance with Rule 4(l) of the Federal Rules of Civil Procedure no later than 5:00 p.m. EST on Tuesday, July 23, 2024." [ECF 12 at 2 (referencing ECF 6)]. Mr. Sigmon deflects all responsibility onto others for improper service, asserting the Marshal failed to effectuate service. [*Id*. at 1-2]. He maintains, "[h]ow they deliver their summons is not controlled by me." [*Id*. at 1].

In his PF&R, Magistrate Judge Tinsley comprehensively and adequately addressed the matter. The PF&R appropriately provided Mr. Sigmon's service attempt did not comply with the Federal Rules of Civil Procedure. [ECF 11 at 4 (referencing Fed. R. Civ. P. 4(e)(1))]. In particular, while service by mail may be proper, "Plaintiff did not attempt service by certified mail, return receipt requested, with restricted delivery. Furthermore, the Plaintiff's FedEx package, which was delivered on July 19, 2024, appears to have been signed for by an individual other than the Defendant, who signed his or her name 'K. Wilbanks.'" [*Id*.]. As Magistrate Judge Tinsley highlighted, "in light of the Plaintiff's clear failure to effect service of process, summary judgment is improper because the Court may not exercise jurisdiction over the Defendant in this matter." [*Id*. at 6].

Mr. Sigmon's objection is not well taken. It is **OVERRULED**.

## IV.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 11**], **DENIES** the Motion for Summary Judgment [**ECF 9**], **DISMISSES** the Complaint **WITHOUT PREJUDICE** [**ECF 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:     April 3, 2025

4



Frank W. Volk
Chief United States District Judge